Alan R. SMITH,
*Appellant,*

*v.*

OREGON DEPARTMENT OF
WATER RESOURCES
and Tumalo Irrigation District,
*Respondents.*

(91-CV-0197-ST; CA A77624)

880 P2d 503

James S. Coon argued the cause for appellant. With him on the briefs was Royce, Swanson, Thomas & Coon.

Jeannie Hua, Certified Law Student, argued the cause for respondent Oregon Department of Water Resources. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General.

David E. Paulson argued the cause for respondent Tumalo Irrigation District. With him on the brief was Hopp & Paulson.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

Plaintiff appeals from the summary judgment for defendants Oregon Department of Water Resources (department) and Tumalo Irrigation District (district) in this action for declaratory and injunctive relief and damages, arising out of defendants' alleged failure to provide plaintiff with irrigation water pursuant to agreements between him and the district. Although defendants advanced several affirmative defenses and grounds for their motion for summary judgment, the trial court made it explicit in its memorandum opinion that the summary judgment was granted only on the ground that the action was barred by the six-year limitation period for contract actions in ORS 12.080. We conclude that summary judgment on that basis was not proper.

In 1965, plaintiff purchased a farm parcel from the state, in the territory of the district. He and the district entered into two agreements dated, respectively, November 10 and 16, 1965. The earlier agreement provides, in part:

> "[T]he district agrees to furnish sufficient water to raise ordinary agricultural crops on <u>35.0</u> irrigable acres not to exceed <u>5.52</u> acre-feet per acre during the irrigation season." (Underlining in original.)

However, the November 16 agreement contains a provision which, instead of the water *quantity* referred to in the foregoing provision, states that the district

> "agrees to sell unto [plaintiff] Thirty five [*sic*] (35) acres of water *right* * * *." (Emphasis supplied.)

Generally speaking, the two agreements contain language that could permit inferences that the agreement was intended to provide plaintiff with a guaranteed quantity of water only, a water right only, or both. Neither the agreements nor the summary judgment record allow that question to be resolved as a matter of law. Similarly, the relationship between the two agreements, and why there was a perceived need for more than one agreement, cannot be determined conclusively from the summary judgment record.

In 1979 or 1980, the district curtailed plaintiff's water supply for what amounted to a matter of hours. As an apparent result of that incident, a series of communications among the parties took place. The upshot was that plaintiff

took the view that the agreements recognized that he was a "Carey Act entryman," with a pre-1909 priority, while defendants took the position that he enjoyed only "permit rights" under the 1965 agreements, and had a 1965 priority. Plaintiff, however, continued to receive adequate water to meet his irrigation needs until 1989. In 1989 and 1990, the district failed to provide plaintiff with adequate water to meet his irrigation needs, or to meet the quantity specification in the contract. Plaintiff brought this action in 1991.

■    The trial court issued a memorandum opinion granting summary judgment. It first concluded that, notwithstanding the equitable relief that plaintiff sought, the "claim sounds in contract," and ORS 12.080, the six-year statute of limitations for breach of contract actions, is applicable. We agree with that conclusion. The court then reasoned that "[p]laintiff was purchasing an appurtenant water right with a certain priority, not just contracting for the delivery of a certain amount of water." From that premise, the court concluded that plaintiff's claim accrued in 1980, "when he discover[ed] he did not get what he thought he purchased," *i.e.*, the pre-1909 priority. Because more than six years had passed between the accrual of the claim as so described and the time it was brought, the court concluded that it was time-barred.[1]

Plaintiff contends in his first assignment of error that the court erred in granting the summary judgment. Although plaintiff makes several points in his argument, the two pivotal ones can be succinctly summarized: First, the agreements contain two promises, one relating to the physical provision of a quantity of water and the second to rights and priority, and no breach of the first promise occurred until 1989 or 1990; second, in plaintiff's words, he "may bring successive actions for successive breaches of the same contract as long as the contract has not been terminated by a single breach."[2]

---

[1] Given the grounds for our disposition, we do not decide whether the events and the legal premises delineated by the trial court might create a time bar as to some *part* of plaintiff's action.

[2] Plaintiff argues, relying on the doctrine of anticipatory repudiation, that the agreements here were not terminated by any breach that preceded the 1989 curtailment of the water supply. However, it is unnecessary for us to determine

Defendants' response to plaintiff's arguments depends for the most part on the premise that the agreements are about water rights, not a quantity of water. Consequently, in their view, the only breach that *could* have occurred was their 1980 rejection of plaintiff's assertions concerning the rights that the agreements gave him and, therefore, the 1989 failure to supply the specified quantity could not be actionable.

■ We do not agree as a matter of law with defendants' premise. The contract includes language providing that the district agrees to furnish plaintiff a *quantity* of water. Nonetheless, the district and the department argue, in different ways, that the agreements simply cannot be read to assure a quantity, independently of a right. The department explains:

> "Plaintiff's argument that the contract is mainly concerned with the amount of water he contracted for is irrelevant because the amount of water he contracted to receive stems directly from the type of water right defined within the contracts."

The department's proposition could mean either or both of two things. The first is that, properly construed, the contract itself pertains only to a right, not a quantity, and the failure to deliver the designated quantity cannot independently constitute a breach. The second possibility is that, if the contract does promise a quantity independently of a right, it contravenes Oregon's water laws and is *ultra vires*. We believe that there are problems with both arguments. First, summary judgment was granted purely on statute of limitations grounds. Because of that, neither the construction of the agreements nor their legal status is directly before us, except as those questions bear on the limitations issue. Second, there are apparent factual aspects to both questions that the summary judgment record does not resolve. Whether the contract was intended to provide a quantity only to the extent that it comes within a right is a question that depends on the resolution of an ambiguity; that is for a factfinder to do.

---

whether there was an anticipatory repudiation in order for us to agree with his conclusion, for purposes of reviewing a summary judgment. The parties continued to perform under the agreements until 1989 and, as far as we know, to this day; there is *at least* a question as to whether the agreements were in force in 1989.

Whether the contract *cannot* promise a quantity independently of a right, consistently with the water laws, depends on a showing about which water laws apply and, in turn, on the partially factual question of whether plaintiff was a Carey Act entryman in 1965. *Compare* ORS chapter 537 *with* ORS chapters 539 and 555.

Viewing the record favorably to plaintiff, the agreements contain a promise by the district to deliver a quantity of water to him. There is evidence that it failed to do so in 1989 and 1990, less than six years before plaintiff brought the action. Accordingly, we cannot say, as a matter of law, based on the evidence in the present record, that the failure to deliver the water in 1989 and 1990 is not an actionable breach for which a timely action was brought.

There is a suggestion in the trial court's opinion and in both defendants' briefs that, independently of the 1980 communications about the nature of plaintiff's right and priority, the brief curtailment of services that occurred in 1979 or 1980 was an event giving rise to the accrual of *a* cause of action; hence, the six-year period began to run then and the 1991 action based on the alleged *subsequent* 1989 and 1990 breaches is barred. In *Alderson v. State of Oregon*, 105 Or App 574, 580, 806 P2d 142 (1991), we rejected an identical argument. We conclude that the summary judgment was error.

In his second assignment, plaintiff argues that the trial court erred by awarding attorney fees to the district. This argument is derivative of the first assignment, and is to the effect that the district should not receive attorney fees because it should not have prevailed. Our disposition on the merits disposes of the attorney fees issue.

Reversed and remanded.